Weldon, J.,
delivered the opinion of the court:
This case was decided adversely to the claimant on December 6,1897, and on the 22d of March, 1898, a motion was made for a new trial, based upon an alleged error of law in dismissing the petition and upon the further ground of newly discovered evidence.
At the time the judgment was entered dismissing the claimant’s petition an opinion was filed, as follows:
“The petition in substance alleges that the claimant, on the 5th day of September, 1889, wtls appointed a naval cadet at the United States Naval Academy, and on the 30th of June, 1895, completed his six years’ course and was given a certificate of graduation, which is as follows:
“‘United States Naval Academy.
“‘We, the Academic Board of the United States Naval Academy, having examined Naval Cadet James Boyd Potter, on the completion of the two years’ course afloat, and having found him proficient for the six years’ course, do hereby, in conformity with the law, grant to him this certificate of graduation.
“‘In witness whereof we do severally subscribe our names hereunto this 30th day of June, in the year of our Lord one thousand eight hundred and ninety-five, and of the independence of the United States the one hundred and nineteenth.
“‘Philip H. Cooper,
“‘ Captain, U. S. W., Superintendent.’
“It is also alleged that there was a surplus of graduates, and that claimant did not receive and was not tendered an appointment in the United States Navy, nor in the lower grades of the line and Engineer Corps of the United States Navy, nor in the United States Marine Corps; that on the 29th day of June, 1895, he was given an honorable discharge from the naval service of the United States from the 30th of June, 1895, which discharge is as follows :
“‘Navy Dapabtment, Washington, June 29,1895.
“‘Sir: Having successfully completed the six years’ course at the United States Naval Academy, and having been given a certificate of graduation by the academic board, but not being eligible for appointment in the Navy or Marine Corps, by reason of physical disabilities, you are hereby honorably discharged from the naval service, from the 30th day of June, 1895.
“‘Yery respectfully,
“ ‘ H. A. Herbert, Secretary.’
*15 “It is further alleged that there is due the claimant the sum of $950 for one year’s sea pay as now provided by law, the same being due him under the laws of the United States, he being a surplus graduate who did not receive an appointment in the lower grades of the line or Engineer Corps of the Navy or the Marine Corps; that he has made application for such pay, but the accounting officers have refused to pay him, wherefore he prays judgment for the said sum of $950.
“The theory upon which the claimant seeks to recover a judgment is that he is entitled to receive the same compensation, to wit, one year’s sea pay, under the act of August 5,1882 (22 Stat. L., p. 284, ch. 391), that other graduates received who were not given appointments in the Navy. The statute provides:
“l Provided, That * * "* all the undergraduates at the Naval Academy shall hereafter be designated and called ‘naval cadets,’ and from those who successfully complete the six years’ course appointments shall hereafter be made as it is necessary to fill vacancies in the lower grades of the line and Engineer .Corps of the Navy and of the Marine Corps: And provided fur- ■’ ther, That no greater number of appointments into these grades * shall be made each year than shall equal the number of vacan- ' cies which has occurred in the same grades during the preceding year; such appointments to be made from the graduates of the year, at the conclusion of their .six years’ course, in the order of merit, as determined-.by the Academic Board of the . Naval Academy; the assignments to the various corps to be made by the Secretary of the Navy upon the recommendation ' of the academic board. ■ * * * Arid if there be a surplus of graduates those who do not receive such appointments shall be given a certificate of graduation, an honorable discharge, and one year’s sea pay, as now provided by law for cadet mid- - shipmen; and so much of section fifteen hundred and twenty-one of the Eevised Statutes as is inconsistent herewith is hereby repealed.’
“ The defendants insist that his graduation and discharge were one act; that as a matter of grace and favor he was given a certificate of graduation, but.it was accompanied with a dis- ’ charge, founded upon physical disabilities which made him ineligible for an appointment in the Navy or Marine Corps.
“ The certificate of graduation and the discharge are of the ' same date in effect, and are presumed to be contemporaneous acts, forming a part of the same transaction.
“ The basis of this claim is purely technical, as it must be conceded that on the 24th of May, 1895, when the medical examining board found claimant ‘physically disqualified for the naval service,’ he could have been discharged. The report is as follows:
“ ‘ Sir : I have to report from the medical examining board that Naval Cadet Potter, J. B., of the class now completing *16 the six years’ course, is physically disqualified for the naval service.
“'Yery respectfully,
‘“T. C. Walton,
“' Medical Inspector, U. 8. W.,
“ ‘ Senior Member of the Board.’
“ His right to the position of naval cadet is dependent upon conditions, one of which is that he maintains the qualifications required of him when he entered the service, and among these qualifications is the physical ability and development to perform the duties of a soldier.
“According to the report of the board, he was on.the 24th of May deficient in physical requirements; but in order, evidently, to give him the benefit of graduation (he having served nearly the required six years), he was complimented with a certificate of graduation. Section 1419 provides: 'Cadet midshipmen found deficient at any examination shall not be continued at the Academy or in the service, unless upon the recommendation of the Academic Board.’ After the 24th of May the claimant had no right to continue at the Academy, unless upon the recommendation' of the Academic Board, and it does not appear that there was any such recommendation.
“The certificate of graduation bears date on the 30th of June, and the discharge bears date on the 29th, to be operative from the 30th of June, so that when the graduation certificate was delivered to the claimant he had received from the Secretary a discharge. Assuming that the Secretary had a right to discharge him, the discharge and graduation took effect at the same instant, both being a part of the same transaction. He was graduated, in a technical sense, from the Academy, but he never, in fact or in law, became a part of the Navy beyond being a naval cadet.
“At the time the claimant was given the certificate of graduation no vacancies existed in the lower grades of the line and Engineer Corps of the Navy nor in the Marine Corps for nine of the graduates. Six of the class were honorably discharged from the naval service, with one year’s sea pay, under the Act of Avgust 5, 1882 (22 Stat. L., p. 284, chap. 391).
“The graduation certificate being a matter of favor and being subjected to the legal effect of the discharge at the time it was given, and the failure of the defendants to pay, confer no cause of action upon the claimant, and the petition is therefore dismissed.”
The court has fully reconsidered the case in connection with the new evidence, but finds no reason to change the judgment of the court.
The motion for a new trial is therefore overruled.